**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doan, et al., | No. CV-25-00984-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Civil Service Employees Insurance Company, et al., | |
| Defendants. | |

The Defendant and Counterclaimant Civil Service Employees Insurance Company ("CSE") filed a Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 37(a)(5) and Local Rule 54.2. (Doc. 26.) The motion was filed after the Court's Order (Doc. 19) granting in part CSE's Motion to Compel Response to Subpoena by Nonparty (Doc. 1). For the following reasons, the Court grants CSE's Fees Motion (Doc. 26) with modifications.

**I.  BACKGROUND**

The initial dispute arose out of a vehicle accident in which two individuals, insured by CSE, were struck by a U-Haul truck. (Doc. 1 at 2.) The insured individuals brought negligence and negligent entrustment claims against the driver and the U-Haul Corporation of Nevada in the Eighth Judicial District Court Clark County, Nevada. (Doc. 14-4 at 11-14, 29.) The Nevada litigation was later removed to the United States District Court for the District of Nevada, and CSE became a party to the suit. (Doc. 1-1 at 2-3, 7-8.)

CSE's underinsured motorist coverage depended on the liability limits contained in

the U-Haul driver's auto policy. (Doc. 1 at 2.) Through the Nevada litigation, CSE learned that the U-Haul truck was insured by Non-Party RepWest Insurance Company ("RepWest"). (*Id.* at 2-3.) To further investigate RepWest's liability policy on U-Haul, CSE served a subpoena on RepWest requesting RepWest's "entire non-privileged claim file." (Doc. 1-1 at 29.)

RepWest responded that it would not turn over the requested documents (*id.* at 12, 14-15, 24), and CSE filed a Motion to Compel in this Court. (*See* Doc. 1.) The Court granted in part CSE's Motion to Compel on March 28, 2025, and found CSE's request for attorneys' fees under Federal Rule of Civil Procedure 37(a)(5) appropriate. (Doc. 19 at 11.) The Court gave CSE leave to file a motion for attorneys' fees that complied with the federal rules and Local Rule 54.2. (*Id.*) This motion followed. (Doc. 26.)

CSE moves for attorneys' fees totaling $18,503. (*Id.* at 11.) CSE states this amount accounts for $16,003 in fees incurred through approximately 66 hours of work in connection with the Motion to Compel and an additional $2,500 for time spent in connection with the motion. (*Id.* at 9-11.) RepWest asks the Court to limit the amount of the award to no more than $5,706.50. (Doc. 29 at 10.) RepWest argues this reduced fee award is appropriate because CSE's requested attorneys' fees "exceed the permissible and reasonable expenses authorized for recovery under Fed. R. Civ. P. 37(a)." (*Id.* at 7.)

## II.   LEGAL STANDARD

If a motion to compel is granted, a court may award "the movant's reasonable expenses in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is granted in part and denied in part, a court "may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In doing so, the court may "roughly approximate the movant's level of success when a motion to compel is decided with mixed results." *Strategic Partners, Inc. v. FIGS, Inc.*, No. CV 19-2286-GW (KSx), 2020 WL 3064440, at *3 (C.D. Cal. Apr. 29, 2020) (citation modified). "Notwithstanding the difference in syntax, the primary difference between Rule 37(a)(5)(A) and Rule 37(a)(5)(C) is that an award is discretionary under Rule 37(a)(5)(C)

whereas under Rule 37(a)(5)(A), it is mandatory." *Id.* (citation modified).

In evaluating the amount of attorneys' fees to award as a sanction, "[t]he court's fundamental job is to determine whether a given legal fee . . . would or would not have been incurred in the absence of the sanctioned conduct." *Good Year Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017). But "trial courts undertaking that task need not, and indeed should not, become green-eyeshade accountants (or whatever the contemporary equivalent is)." *Id.* (citation modified). To determine the reasonableness of a requested award of attorneys' fees, the Court uses the lodestar approach. *Id.*; *Coe v. Hirsch*, No. CV-21-00478-PHX SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 F. App'x 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). The Court deviates from the lodestar calculation "'only in rare and exceptional cases' where 'specific evidence on the record' indicates the amount is unreasonably low or unreasonably high.'" *Id.* (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citation modified)).

A party seeking an award of attorney fees must also adhere to the procedural requirements outlined in Local Rule 54.2. *See* LRCiv 54.2. "The rule requires, among other things, that a party seeking attorney fees file: (1) a memorandum in support of the motion for attorney fees, which must include a discussion of the reasonableness of the requested award, (2) any necessary supporting documentation, and (3) a task-based itemized statement of fees and expenses." *Arnhoelter v. Kaus*, No. CV-20-00403, 2020 WL 4673160, at *2 (D. Ariz. Aug. 12, 2020). The party seeking attorney fees has the burden of showing the amount requested is reasonable. *Id.* Once it has done so, "the burden shifts to the party opposing the motion to show that the amount is not reasonable." *Id.*

**III.   ANALYSIS**

The Court granted in part CSE's Motion to Compel. (Doc. 19 at 12.) Therefore,

Rule 37(a)(5)(C) governs CSE's request for attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(C). While attorneys' fees under Rule 37(a)(5)(C) are discretionary, this Court found "attorney's fees are appropriate given RepWest's initial conduct in responding to the subpoena." (Doc. 19 at 11.) Further, RepWest does not contest CSE's eligibility for an award of attorneys' fees under Federal Rule of Civil Procedure 37(a). (*See* Doc. 29 at 3, 6-7.) Rather, it asks the Court to "deny the recovery sought in CSE's Motion for Attorneys' fees and, instead, award only those reasonable fees and costs directly related to the drafting of the Motion to Compel, as required by Rule 37(a)." (*Id.* at 3.) The Court now considers the reasonableness of CSE's fee request.

### A.     Reasonableness of Hours

RepWest challenges the reasonableness of the total hours amount for which CSE seeks compensation. (*Id.* at 7-10.) First, RepWest disputes CSE's fee request to the extent it seeks reimbursement for "tasks not related to 'making the motion.'" (*Id.* at 7 (quoting Fed. R. Civ. P. 37(a)(5)(A)).) Second, RepWest argues the hours spent drafting the Fees Motion are unreasonable because the hours "exceed a reasonable time frame for the work expended." (*Id.* at 9.)

#### i.     Hours Compensable under Fed. R. Civ. P. 37(a)(5)

Under Rule 37(a)(5)(C), a party may seek an attorney's fee award for the "reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). As "the analysis underlying a decision under either [Rule 37(a)(5)(A) and Rule 37(a)(5)(C)] is the same," *Strategic Partners, Inc.*, 2020 WL 3064440, at *3, a fee awarded under Rule 37(a)(5)(C) is limited to the "movant's reasonable expenses incurred in *making the motion*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Thus, fee awards under Rule 37(a)(5)(A) and (C) are limited to "only fees incurred in drafting the [motion to compel] and may not include fees or costs incurred in meeting and conferring, or duplicative tasks." *Scott Hargis v. Pacifica Senior Living Mgmt. LLC*, No. 2:22-cv-6989-MCS-PDx, 2025 WL 2427836, at *9 (C.D. Cal. May 12, 2025); *see also Ecomed, LLC v. Asahi Kasei Med. Co., Ltd.*, No. 17-61360-CIV-Rosenberg/Reinhart, 2018

WL 4193642, at *1 (S.D. Fla. June 21, 2018) ("Plaintiffs' attempt to recover fees for their . . . conversations with defense counsel about discovery, exceeds the express limitations of the rule."); *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 2:11-cv-03471-KJM-AC, 2017 WL 2492850, at *3 (E.D. Cal. 2017) ("Plaintiffs' entitlement to fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) does not entitle them to recover fees for everything they have ever done related to discovery in this case. Plaintiffs are entitled only to fees related to actually litigating their motion to compel."). The fee award also does not include reimbursement "for all of the time spent reviewing deficient discovery responses." *Brown v. City of Glendale*, No. CV-18-01267-PHX-DWL, 2019 WL 3412585, at *4 (D. Ariz. July 29, 2019). Furthermore, the work that fees are sought for must "clearly relate[] to the Motion to Compel." *See Signatours Corp. v. Hartford*, No. C14-1581-RSM, 2016 WL 4533048, at *2 (W.D. Wash. June 14, 2016) (finding "entries [that] do not clearly relate to preparing the Motion to Compel . . . will be cut in their entirety.").

The Court has reviewed CSE's attorneys' time entries, attached as Exhibit 4 to its Motion (Doc. 26-4), and the time entries disputed by RepWest, attached as Exhibit 1 to its Response. (Doc. 29-1). The Court finds 36.8 hours, totaling $8,810.50 in attorneys' fees, of the disputed time entries are compensable because they were "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A); *see Brown*, 2019 WL 3412585, at *4 (describing "the time spent 'making'" a motion as time spent "drafting and arguing" the motion). This includes hours spent on filing the motion for attorneys' fees. *SOC-SMG, Inc. v. Christian & Timbers, LLC*, Case No. 3:08-CV-00392-ECR-VPC, 2010 WL 2085076, at *7 (D. Nev. May 20, 2010) (citing *Anderson v. Dir., Off. Of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996)). The calculation omits entries related to communicating with outside counsel and reviewing deficient discovery responses outside of preparation for drafting the discovery. *See Brown*, 2019 WL 3412585, at *4; *Ecomed, LLC*, 2018 WL 4193642, at *1; (Docs. 26-4, 29-1.)

    ii.  **Reasonable Time Frame for Work Expended**

While "RepWest does not dispute all [reasonableness] factors analyzed in the

Motion [to Compel]," it takes issue with the "reasonableness of hours expended." (Doc. 29 at 9). RepWest claims CSE seeks attorney fees for hours exceeding "a reasonable time frame for the work expended." (*Id.*) RepWest describes CSE's Motion to Compel as "a simple request for RepWest's claim file," with a "straight-forward issue – production of a claim file from a non-party." (*Id.* at 10.) It argues the hours expended by CSE's attorneys were excessive, and therefore unreasonable, because the simplicity of the issue did not warrant the length nor detail of the Motion to Compel (ten pages) and Reply (twelve pages). (*Id.*)

Generally, "courts 'should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Arnhoelter*, 2020 WL 4673160, at *6 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). The party opposing the attorney fee award bears "[t]he burden of producing a sufficiently cogent explanation." *Id.* (quoting *Moreno*, 534 F.3d at 1112). "But a bare suggestion that time spent on a task is excessive is not enough to justify a substantial reduction in [a party's] fee award because, to make such a cut, it must be clear not only why the fee is excessive but also by how much." *Id.* (citation omitted).

RepWest argues CSE's expended hours exceed the reasonable number of hours for drafting the Motion to Compel and the Reply. (Doc. 29 at 9-10.) But other than characterizing the production request as "simple" and "straight-forward," RepWest does not explain why the request's simplicity warranted a shorter Motion to Compel and Reply. RepWest further fails to explain why CSE would have still succeeded if the briefing was shorter or less time was spent on drafting the briefing. Finally, RepWest fails to clarify the amount by which the fee is excessive. RepWest's argument amounts to no more than "a bare suggestion that time spent on a task is excessive." *See Arnhoelter*, 2020 WL 4673160, at *6. For these reasons, RepWest fails to meet its burden to show the hours expended by CSE's attorneys exceeded a reasonable number of hours. The Court, therefore, defers to the professional judgment of CSE's attorneys regarding the amount of time necessary to draft the successful Motion to Compel and the Reply.

### B. Reasonableness of Hourly Rates

The Court now turns to the reasonableness of the hourly rates for the attorneys' fees requested. The party seeking the attorney fee award has the burden of showing its requested hourly rates are reasonable. *My Daily Choice, Inc. v. Butler*, No. 2:20-cv-02178-JAD-NJK, 2021 WL 12300519, at *4 (D. Nev. July 29, 2021). An attorney's hourly rate is reasonable if the party demonstrates the rates align with the "rate[s] prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979 (citation omitted); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Arnhoelter*, 2020 WL 4673160, at *4.

CSE's counsel billed at the following rates: $260, $240, and $125. (Doc. 26-4.) RepWest does not contest the reasonableness of the hourly rates for CSE's counsel (*see* Doc. 29), but, even if it did, the Court finds these rates are reasonable. CSE submit an affidavit sufficient to establish the prevailing market rate for lodestar purposes. (Doc. 26-5.) In this affidavit, one of CSE's billing attorneys in this matter attested both billing attorneys' rates were "reasonable in the community for insurance coverage and bad faith litigation matters." (*Id.*) CSE also submit a copy of the fee agreement detailing the firm's hourly rates for the matter (Doc. 26-6 at 2), and the affidavit asserted the hourly rates "increased by approximately $20 per hour since the 2022 fee agreement was signed." (Doc. 26-5 at 4.) Counsel's rates match the rates in the fee agreement after the approximate $20 per hour increase, further supporting the reasonableness of the hourly rates.

Furthermore, the case law supports a finding that the attorneys' hourly rates of $240, $260, and $125 are reasonable for the Phoenix legal market. *See Arnhoelter*, 2020 WL 4673160, at *4 (finding an hourly rate of $350 was reasonable for the Phoenix legal

market); *Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2019 WL 5684192, at *13 (D. Ariz. Nov. 1, 2019) (finding rates ranging from $215 to $350 were reasonable); *Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *12-13 (D. Ariz. May 13, 2019) (finding an hourly rate of $552 reasonable). Given CSE's affidavit and other evidence, as well as the case law, the Court finds the requested hourly rates are reasonable for the purpose of calculating the lodestar amount.

### C.   Lodestar Calculation

Applying the reasonable number of hours and hourly rate determined above, the Court calculates the lodestar yields the following:

|  | Reasonable Hours | Reasonable Rate | Lodestar Fee |
|---|---|---|---|
| Billing Attorney **0101** | 6.4 hours | $260/hour | $1,664.00 |
| Billing Attorney **0118** | 29.1 hours | $240/hour | $6,984.00 |
| Billing Attorney **3147** | 1.3 hours | $125/hour | $162.50 |
| **Total** | 36.8 hours | N/A | $8,810.50 |

## IV.   CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that CSE's Motion for Attorneys' Fees (Doc. 26) is **GRANTED IN PART** with modifications and **DENIED IN PART**.

**IT IS FURTHER ORDERED** awarding CSE $8,810.50 in attorneys' fees. RepWest shall pay to CSE $8,810.50 in attorneys' fees within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that CSE shall file a notice of satisfaction within seven (7) days of receipt of the full amount of attorneys' fees.

**IT IS FINALLY ORDERED** directing the Clerk of Court to close this case.

Dated this 25th day of November, 2025.

Michael T. Liburdi
United States District Judge